UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>                              *Plaintiff*,<br><br>-against-<br><br>CARIBBEAN CRUISE LINE, INC.,<br><br>                             *Defendant*. | Civil Action No.: _____<br><br>**CLASS-ACTION**<br>**COMPLAINT**<br><br>FILED<br>IN CLERK'S OFFICE<br>U S DISTRICT COURT E.D.N.Y.<br>★ NOV 08 2012 ★<br>BROOKLYN OFFICE<br><br>VITALIANO, J.<br>LEVY, M.J. |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone lines Defendant, or a third party acting with the authorization of Defendant, placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendant, its officers, employees, representatives, and their families (the "Class"), during the period from February 7, 2012, to the present (the "Class Period").

2. Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and the regulation, 47 C.F.R. § 64.1200(a)(2), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff, Todd C. Bank ("Bank"), was and is, at all relevant times herein, a resident of the Eastern District of New York.

6. Defendant, Caribbean Cruise Line, Inc. ("CCL"), was and is, at all relevant times herein, a corporation organized and existing under the laws of Florida, and maintains its executive offices at 2419 East Commercial Blvd., Suite 100, Fort Lauderdale, Florida 33308.

## FACTS

7. On or about August 15, 2012, CCL, or a third party acting with the authorization of CCL, placed, to Bank on a residential telephone line, a telephone call using an artificial or prerecorded voice that stated that Bank, if he were to complete a survey and remain on the telephone line, would be given an opportunity to take a cruise.

8. On or about August 21, 2012, CCL, or a third party acting with the authorization of CCL, placed, to Bank on a residential telephone line, a telephone call using an artificial or prerecorded voice that stated that Bank, if he were to complete a survey and remain on the telephone line, would be given an opportunity to take a cruise.

9. When a person completes the survey and speaks to a CCL representative, the CCL representative also promotes CCL's hotels.

10. CCL's cruises and hotels constitute, and provide, commercial goods and services.

11. During the Class Period, CCL, or one or more third parties acting with the authorization of CCL, has placed, to thousands of residential telephone lines, telephone calls that use a prerecorded-voice survey as a means of promoting CCL's cruises and hotels.

12. Neither Bank nor the other Class Members had given CCL prior express invitation or permission to place pre-recorded telephone calls to them.

13. Neither Bank nor the other Class Members had an established business relationship with CCL when CCL made its calls to them.

## FIRST CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" inclusive of this Complaint as if fully set forth herein.

15. The placement of telephone calls to Plaintiff and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

16. Based upon the foregoing, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

17. Based upon the foregoing, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## CLASS ALLEGATIONS

18. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons to whose residential telephone lines CCL, or a third party acting with the authorization of CCL, placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendant, its officers, employees, representatives, and their families (the "Class"), during the period from February 7, 2012, to the commencement of this action until the present (the "Class Period").

19. The Members of the Class are so numerous that joinder of all Members is impracticable.

20. Plaintiff believes there are thousands of individuals whose claims are similar to

Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of the Class have sustained damages arising out of Defendant's wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendant's unlawful conduct.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

23. Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class are:

 (i) whether Defendant, or a third party acting with the authorization of CCL, placed telephone calls using an artificial or prerecorded voice that delivered a message to residential telephone lines;

 (ii) whether the telephone calls at issue violated the TCPA;

 (iii) whether Defendant willfully or knowingly violated the TCPA;

 (iv) whether the Members of the Class are entitled to damages, and, if so, how much;

and

(v) whether the Members of the Class are entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff and the other Members of the Class statutory damages of $500.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B), with interest as allowed by law:

(b) Awarding Plaintiff and the other Members of the Class up to $1,000.00 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendant's violations were made knowingly or willfully, with interest as allowed by law;

(c) Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2); and

(d) Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: November 8, 2012

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

Plaintiff *Pro Se*

_____
TODD C. BANK