UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 1:12-cv-05572-ENV-RML

TODD C. BANK, individually and on
Behalf of All Others Similarly Situated,

     Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,

     Defendant.

_____/

## CARIBBEAN CRUISE LINE, INC'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF TODD C. BANK'S COMPLAINT

Defendant, CARIBBEAN CRUISE LINE, INC. ("Defendant" or "CCL"), serves this

Answer and Affirmative Defenses to Plaintiff's Class-Action Complaint (the "Complaint"), as

follows:

## ANSWER[1]
## PRELIMINARY STATEMENT

1.     CCL does not dispute that Plaintiff has brought an action against CCL, but CCL

denies that Plaintiff has any lawful grounds for asserting such an action and otherwise denies the

allegations contained in paragraph 1 of the Complaint. By way of further answer, CCL denies

that it initiated, or had another party initiate on its behalf,[2] any telephone calls to Plaintiff's

residential landline or otherwise violated the Telephone Consumer Protection Act ("TCPA").

---

1.     CCL denies each and every allegation, matter, statement and thing contained in
the Complaint except as may be hereinafter admitted, qualified or otherwise explained.

2.     Subsection 227(b)(1)(B) only makes it unlawful to "initiate" a call and says
nothing about calls being made on another person or entity's "behalf." Indeed, Congress made it
clear that with respect to residential telephones, only the person that "initiates" the prohibited
call is liable for a violation of the statute. Conversely, Subsection 227(c) contains language

2.     CCL denies the allegations contained in paragraph 2 of the Complaint, except to admit that Plaintiff purports to bring a claim against CCL under the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B) and regulation 47 C.F.R. § 64.1200(a)(2).

## JURISDICTION AND VENUE

3.     CCL denies the allegations contained in paragraph 3 of the Complaint, except to admit that Plaintiff purports that this Court has jurisdiction under 28 U.S.C. §1331.

4.     CCL denies the allegations contained in paragraph 4 of the Complaint, except to admit that Plaintiff purports that venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

---

which allows the imposition of "on behalf of" liability for solicitations to individuals on the "Do Not Call" list.  There is even a distinction with respect to the available remedies under these separate statutory subsections which reveal Congress' intent to not allow "on behalf of" liability for violations of Subsection 227(b). *See* 47 U.S.C. §227(b)(1)(B).  Courts have clearly rejected the theory of "on behalf of" liability under this section.  *See e.g. Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 at 4 (C.D. Cal. June 25, 2012); *Mey v. Pinnacle Security, LLC*, Civil Action No. 5:11CV47, 2012 WL 4009718 at 4 (N.D. W. Va. Sep. 12) (finding that Section 227(b)(3) imposes liability only on the "maker" of the call); *Zerson v. PT Ins. Group*, No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27) (analyzing a junk fax TCPA claim pursuant to § 227(b)(1)(C) and refusing to impose liability on the entity that did not send the alleged violative fax despite paying a third party to send the fax on its behalf); *Zhu v. Dish Network, LLC*, 808 F.Supp.2d 815 (E.D. Va. 2011) (concluding that the VTPPA did not impose liability on the provider whose independently controlled telemarketers violated the statute); *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005) (concluding that liability may be affixed upon a person who "makes" a telephone call or "uses" a fax machine and refusing to impose liability upon a company's promoter where there was no evidence of direct involvement in the decision to send, or in the sending of, the allegedly prohibited facsimiles); *Charvart v. Echostar Satellite, LLC*, 676 F. Supp. 2d 668 (S.D. Ohio 2009) *appeal pending*, 630 F.3d 459 (2010); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167.

## PARTIES

5.      CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and they are therefore denied.

6.      CCL admits the allegations in paragraph 6 that it is a corporation organized and existing under the laws of Florida, and that it maintains its executive offices at 2419 East Commercial Boulevard, Suite 100, Fort Lauderdale, Florida 33308.

## FACTS

7.      CCL denies the allegations contained in paragraph 7 of the Complaint. By way of further answer, CCL denies that it initiated, or had another party initiate on its behalf, any telephone calls to Plaintiff's residential landline, or anyone else's landline, or that it otherwise violated the TCPA.

8.      CCL denies the allegations contained in paragraph 8 of the Complaint.  By way of further answer, CCL denies that it initiated, or had another party initiate on its behalf, any telephone calls to Plaintiff's residential landline, or anyone else's landline, or otherwise violated the TCPA.

9.      CCL denies the allegations contained in paragraph 9 of the Complaint.

10.      CCL denies the allegations contained in paragraph 10 of the Complaint.

11.      CCL denies the allegations contained in paragraph 11 of the Complaint.  By way of further answer, CCL denies that it initiated, or had another party initiate on its behalf, any telephone calls to Plaintiff's residential landline, or anyone else's landline, or otherwise violated the TCPA.

12.      CCL denies the allegations contained in paragraph 12 of the Complaint. By way of further answer, CCL denies that it initiated, or had another party initiate on its behalf, any

3

telephone calls to Plaintiff's residential landline, or anyone else's landline, or otherwise violated the TCPA.

13.     CCL denies the allegations contained in paragraph 13 of the Complaint. By way of further answer, CCL denies that it initiated, or had another party initiate on its behalf, any telephone calls to Plaintiff's residential landline, or anyone else's landline, or otherwise violated the TCPA.

## FIRST CAUSE OF ACTION

14.     In response to paragraph 14, Defendant realleges and reavers its responses to the allegations in paragraphs 1 through 13, above, as if fully set forth herein.

15.     CCL denies the allegations contained in paragraph 15 of the Complaint.

16.     CCL denies the allegations contained in paragraph 16 of the Complaint.

17.     CCL denies the allegations contained in paragraph 17 of the Complaint.

## CLASS ALLEGATIONS

18.     In Answering the allegations of paragraph 18 of the Complaint, CCL admits that Plaintiff purports to bring this action individually and as a class action pursuant to Federal Rules of Civil Procedure 23, but denies that Plaintiff is qualified or entitled to bring this claim on behalf of a putative class or that this claim is appropriate for class relief.[3]

---

3.     The law in the Second Circuit is clear that acting as both class counsel and class representative presents an impermissible conflict of interest and this practice is expressly prohibited. *See e.g. Jaffe v. Capitol One*, No. 09 Civ. 4106 (PGG), 2010 WL 691639, *10 (S.D.N.Y. Mar.1, 2010)(plaintiff's "duty to represent class interests ... impermissibly conflict[s] with her chance to gain financially from an award of attorneys' fees"); *Rodriguez v. Eastman Kodak Co*., 88 Fed. Appx. 470, 471 (2d Cir.2004)("it is well established that 'a pro se class representative cannot adequately represent the interests of other class members'"); and *Matassarin v. Lynch,* 174 F.3d 549, 559 (5th Cir.1999)( a pro se plaintiff's "duty to represent class interests would impermissibly conflict with her chance to gain financially from an award of attorneys' fees").

19.    CCL denies the allegations contained in paragraph 19 of the Complaint.

20.    CCL denies the allegations contained in paragraph 20 of the Complaint.

21.    CCL denies the allegations contained in paragraph 21 of the Complaint.

22.    CCL denies the allegations contained in paragraph 22 of the Complaint.

23.    CCL denies the allegations contained in paragraph 23 of the Complaint.

(i)    CCL denies the allegations contained in paragraph 23(i) of the Complaint.

(ii)    CCL denies the allegations contained in paragraph 23(ii) of the Complaint.

(iii)    CCL denies the allegations contained in paragraph 23(iii) of the Complaint.

(iv)    CCL denies the allegations contained in paragraph 23(iv) of the Complaint.

In response to the unnumbered Wherefore Clause following paragraph 23, CCL denies that Plaintiff is entitled to any of the relief or remedies requested in the Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

Plaintiff alleges that on August 15, 2012 and August 21, 2012, CCL, or a third party acting with the authorization of CCL, placed a call to his residential telephone line with a pre-recorded message stating that if he were to complete a survey and remain on the line, he would be given the opportunity to take a cruise.[4]  Plaintiff further alleges that the telephone calls use a pre-recorded message survey as an unsolicited means of promoting CCL's cruises and hotels.[5]

However, CCL did not initiate any political survey calls, or cause any political survey calls to be made, to Plaintiff, or anyone.  CCL had a contractual relationship with various survey research organizations ("SROs").  The SROs are survey research companies with contractual

---

4.    *See* Doc. 1, Complaint at ¶ 7.
5.    Complaint at ¶ 11.

relationships with various political groups under which the SROs collect specifically tailored information through political surveys and polling. CCL is only involved with the SROs because the SROs approached CCL seeking to provide incentives to those SROs for the individuals who participate in the political surveys. CCL is a separate and distinct entity from the SROs and CCL has nothing to do with the SROs operations or with whom the SROs contract. CCL does not direct or control the manner and means of the SROs business, or the political surveys they conduct. A survey participant would only be  connected to a live representative of CCL via telephone after he or she has answered all of the questions included in the political survey and after he or she expressly consents to being connected to one of CCL's representatives. CCL does not have any input or control regarding how telephone calls are made, when telephone calls are made or to whom telephone calls are made. Thus, CCL cannot be liable for a claim under the TCPA. Accordingly, CCL asserts the following Affirmative Defenses against Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action under the TCPA because CCL did not initiate the telephone calls to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

The alleged political survey calls are exempt from an action under the TCPA because the calls qualify as research, market surveys, and/or political polling which do not involve solicitation.[6]

---

6.    In 1992, the FCC exercised its authority granted by Congress under section 227(b)(2)(B) and adopted a rule to exempt all prerecorded calls made for a noncommercial purpose. *See* 47 C.F.R. § 64.1200(a)(2)(ii). In creating the exemption, the FCC stated that "[w]e find that the exemption, for non-commercial calls from the prohibition on prerecorded messages to residences includes calls conducting research, market surveys, political polling or similar activities which do not involve solicitation as defined by our rules." Rules and Regulations

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy all conditions precedent and necessary to maintaining his claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including but not limited to Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control.

### SIXTH AFFIRMATIVE DEFENSE

CCL is not liable for the acts of the third party(ies) making the calls, and recovery, if any, should be from the third party(ies) that made the telephone calls, not CCL.

### SEVENTH AFFIRMATIVE DEFENSE

CCL is not liable for acts of a third party that made the alleged telephone calls because such party was, at all relevant times, separate and distinct from CCL and CCL has no ownership, direction or control of any such party.

---

Implementing the Tel. Consumer Protection Act of 1991, Rep. and Order, 7 FCC Rcd. 8752 (1992).

11644398v2-20581.0101

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of waiver because, among other things, after completing the political survey, Plaintiff and potential class members expressly consented to being connected to one of CCL's representatives.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the exceptions provided under the TCPA, including, but not limited to, the political purpose exception.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by his consent to be called on his residential telephone line.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to notify that calls were made to his residential telephone line and failure to request that the calls cease.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition on CCL of statutory damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the Florida Constitution.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because CCL did not initiate the alleged political survey calls that are the subject of the Complaint, did not authorize any individual or entity to make the alleged calls on its behalf, and did not control the manner and means by which the alleged calls were made.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of ratification.

## NINETEENTH AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable state, federal, and local laws and regulations.

11644398v2-20581.0101

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because the TCPA violates CCL's First Amendment right to free speech.  Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because the TCPA, within the context of a class action, is violative of CCL's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.[7]

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Estoppel.

---

6.     The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one Federal District Court determined that "[T]he statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman,* 164 *F.R.D.* 400, at 404-05.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under the TCPA for telephone calls it did not make, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, no such claims have been pleaded nor does the law provide for such a remedy.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, CCL incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

## RESERVATION

CCL reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff, dismiss this action with prejudice, deny Plaintiff's request for an injunction and class certification, and award Defendant its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: January 22, 2013

*Case No. 1:12-cv-05572-ENV-RML*
*Defendant's Answer & Affirmative Defenses*

Respectfully submitted,

MORGAN MELHUISH ABRUTYN

*s/Richard T. Imossi*
Richard T. Imossi, Esq.
rimossi@morganlawfirm.com
39 Broadway – Suite 1701
New York, New York 10006
212-809-1111

-and-

RICHARD W. EPSTEIN
(Fla. Bar No. 229091)
Richard.Epstein@gmlaw.com
REBECCA F. BRATTER
(Fla. Bar No. 0685100)
Rebecca.Bratter@gmlaw.com
JEFFREY BACKMAN
(Fla. Bar No. 0662501)
GREENSPOON MARDER, P.A.
Trade Centre South
200 E. Broward Blvd.
Suite 1500
Ft. Lauderdale, FL 33301
954-491-1120
954-343-6958 (facsimile)

*Attorneys for Caribbean Cruise Line, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF thereby notifying the following parties of record below on this 22nd day of January, 2013.

Todd C. Bank
Attorney at Law
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415

*/s/Richard T. Imossi*
RICHARD T. IMOSSI

11644398 20581-0101v1CCL ANSWER & AFF DEF1/16/20132:57 PM

11644398v2-20581.0101