UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CIVIL ACTION NO. 1:12-cv-05572-JG-RML

TODD C. BANK, individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,

      Defendant.

_____/

**CARIBBEAN CRUISE LINE, INC.'S RESPONSE MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

**Page**

I.    PREFACE ..................................................................................................1

II.   BACKGROUND: THE PROPOSED CLASS ...........................................2

III.  BANK LACKS STANDING TO PURSUE THIS CLAIM ........................2

IV.   BANK DOES NOT ESTABLISH FACTS SUPPORTING EACH OF
      THE NECESSARY ELEMENTS OF RULE 23(a) AND RULE
      23(b)(3). .................................................................................................3

A.    BANK DID NOT SATISFY RULE 23(A) ................................................3

      1.   Bank did not establish numerosity or show an ascertainable class. ..........4

      2.   Bank did not identify questions of fact or law common to the
           class. ..........................................................................................8

      3.   Bank did not establish that the claims or defenses are typical of
           the claims or defenses of the class. ..........................................11

      4.   Bank did not establish any facts showing he can serve
           simultaneously as named plaintiff and class counsel. .................12

           a.   Bank has an irreconcilable conflict of interest, which
                prevents him from representing the class or serving as
                class counsel fairly and adequately. ..................................13

           b.   Bank is Unqualified to Act as Class Counsel. ..................14

                i.    Bank failed time-and-time again to focus
                      attention on his burden of proof in a Rule 23
                      class action. ..........................................................15

                ii.   Bank lacks the necessary resources to pursue
                      this case on a class basis. .......................................18

B.    PLAINTIFF DID NOT ESTABLISH THE RULE 23(b)
      REQUIREMENTS.................................................................................20

      1.   Bank did not demonstrate his own claim or that common
           questions predominate over individual ones. ..........................20

      2.   Because individual questions predominate, Bank did not show
           the superiority of class action as a way to manage the case. .....................23

V.    CONCLUSION ......................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abramson v. Caribbean Cruise Line, Inc.*
2:14-CV-00435, 2014 WL 2938626 (W.D. Pa. June 30, 2014) ...................................6, 10

*Amchem Products, Inc. v. Windsor*
521 U.S. 591 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)................................................13, 20

*Ayazi v. New York City Board of Education*
2010 WL 4789403 (E.D.N.Y. 2010)...................................................................14

*Blitz v. Xpress Image, Inc.*
2006 WL 2425573 at *7 (N.C. Super. Aug. 23, 2006)....................................................23

*Brown v. Kelly*
609 F.3d 467 (2d Cir. 2010)...........................................................................23

*Burley v. City of New York*
2005 WL 668789, at *2 (S.D. N.Y. Mar. 23, 2005) ..........................................................1

*CE Design Ltd. v. King Architectural Metals, Inc.*
637 F.3d 721 (7th Cir. 2011) ........................................................................12

*Central States Southeast & Southwest Areas and Welfare Fund v. Merck-Medco Managed Care, LLC*
504 F.3d 229 (2d Cir. 2007).............................................................................5

*Comcast Corp. v. Behrend*
133 S.Ct. 1426 (2013)..........................................................................1, 4, 6, 8, 23

*Denney v. Deutsche Bank AG*
443 F. 3d 253 (2d Cir. 2006)............................................................................3

*Doyle v. Am. Home Prods. Corp.*
286 A.D.2d 412 (N.Y.App.Div.2001) ..................................................................16

*Doyle v. Am. Home Prods. Corp.*
583 F.3d 167 (2d Cir.2009)..........................................................................16

*Doyle v. Am. Home Prods. Corp.*
130 S.Ct. 2099 (2010).................................................................................16

*Doyle v. John G. Roberts, et al.*
2011 WL 1740305 *1, (E.D.NY 2011)..................................................................16

*Doyle v. Roberts*
463 Fed. Appx 50 (2d Cir. 2012) *cert denied* 132 S.Ct 2722 (2012) ...................................16

*D.S. ex rel. S.S. v. New York City Dept. of Educ.*
255 F.R.D. 59, 74 (E.D.N.Y. 2008) ...............................................................................19

*Edge v. C. Tech Collections, Inc.*
203 F.R.D. 85 (E.D.N.Y. 2001) ..................................................................................8, 9

*Erica P. John Fund, Inc., v. Halliburton Co.*
131 S.Ct. 2179, 2184 (2011) ........................................................................................21

*Floyd v. City of New York*
2012 WL 1868637, at **9-10 (S.D.N.Y. May 16, 2012)....................................................3

*Gardner v. Western Beef Properties, Inc.*
2011 WL 6140518, at *4 (E.D.N.Y. Sep 26, 2011)............................................................20

*General Tel. Co. of Southwest v. Falcon*
457 U.S. 147, 102 S. Ct. 2364, 2372 (1982).........................................................................1

*Holster v. Gatco, Inc.*
618 F.3d 214 (2d Cir. 2010).....................................................................................15, 16

*Iannaccone v. Law*
142 F.2d 553 (2d Cir. 2004).........................................................................................14

*In re Drexel Burnham Lambert Group, Inc.*
960 F.2d 285 (2d Cir. 1992).........................................................................................12

*In re Vivendi, S.A. Sec. Litig.*
242 F.R.D. 76 (S.D.N.Y. 2007) .......................................................................................4

*Jaffe v. Capitol One*
2010 WL 691639, *10 (S.D.N.Y. 2010)..............................................................................13

*Jamison v. First Credit Servs., Inc.*
290 F.R.D. 92 (N.D. Ill. 2013).......................................................................................23

*Janes v. Triborough Bridge and Tunnel Authority*
2012 WL 177420 3 (S.D.N.Y. Jan, 23, 2012) .....................................................................3

*Kaye v. Amicus Mediation & Arbitration Group, Inc.*
2014 WL 2207431 at fn.7 (D. Conn. May 28, 2014)............................................................23

*Kenro, Inc. v. Fax Daily, Inc.*
962 F. Supp. 1162 (S.D. Ind. 1997) .................................................................................23

*Kingsepp v. Wesleyan University*
142 F.R.D. 597 (S.D.N.Y 1992) ...................................................................14

*Koos v. First Nat'l Bank of Peoria*
496 F.2d 1162 (7th Cir.1974) .....................................................................12

*Lerwill v. Inflight Motion Pictures, Inc.*
582 F.2d 507 (9th Cir. 1978) ......................................................................12

*Levitt v. Fax.com*
CIV. WMN-05-949, 2007 WL 3169078, at *3 (D. Md. May 25, 2007) ............................9

*Leyse v. Bank of Am., Nat. Ass'n*
09 CIV. 7654 (JGK), 2010 WL 2382400 (S.D.N.Y. June 14, 2010).....................................6, 7, 17

*Livingston v. U.S. Bank, N.A.*
58 P.3d 1088, 1091 (Colo. App. 2002) ....................................................23

*Lowenschuss v. Bludhorn*
613 F.2d 18 (2d Cir. 1980)..........................................................................14

*MacNamara v. City of New York*
275 F.R.D. 125 (S.D.N.Y. 2011) ................................................................11

*Mahon v. Ticor Title Ins. Co.*
683 F.3d 59 (2d Cir. 2012).............................................................................3

*Matassarin v. Lynch*
174 F.3d 549 (5th Cir. 1999) .......................................................................13

*Novella v. Westchester Cnty.*
661 F.3d 128 (2d Cir. 2011)...........................................................................3

*Oscar v. BMW of North America, LLC*
274 F.R.D. 498 (S.D.N.Y. 2011) ..................................................................8

*Richardson v. Merritt*
12-CV-5753 ARR, 2014 WL 2566904, *5 (E.D.N.Y. 2014) ...............................4

*Robidoux v. Celani*
987 F.2d 931 (2d. Cir. 1993).......................................................................11

*Rodriguez v. Eastman Kodak Co.*
88 Fed. Appx. 470, 471 (2d Cir.2004) ......................................................14

*Kondos v. Lincoln Property Co.*
110 S.W.3d 716 (Tex. App. – Dallas 2003)...............................................23

iv

*Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.*
251 F.R.D. 312 (N.D. Ill. 2008)...................................................................9

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*
293 F.R.D. 287, (E.D.N.Y. 2013) ..............................................................7

*Summers v. Earth Island Institute*
555 U.S. 488 129 S. Ct. 1142 (2009)..........................................................3

*Vu v. Diversified Collection Services, Inc.*
293 F.R.D. 343 (E.D.N.Y. 2013) ...........................................................3, 4

*Wal-Mart Stores, Inc. v. Dukes*
131 S. Ct. 2541 180 L. Ed. 2d 374 (2011) ...............................4, 8, 11, 21, 22

*Warth v. Seldin*
422 U.S. 490 (1975).....................................................................................3

## STATUTES

Fed. R. Civ. P. 23(a)(1)-(4) .........................................................................3

Fed. R. Civ. P. 23(a)(4) .............................................................................12

Fed. R. Civ. P. 23(b)(3)..............................................................1, 3, 23, 24, 25

## SECONDARY SOURCE

5 James Wm. Moore et al., Moore's Federal Practice § 23.25 (3d ed.2010)

## PACER CASES

Bank FEMA case
CV-11-2744 ........................................................................................13, 14

*Ganci v. National Asset Management Enterprises, Inc.*
Case No. 1:03-cv-06164-RJD-KAM (E.D.N.Y. 2003) .............................17

*McGaughey v. Treistman*
Case No. 1:05-cv-07069-HB (S.D.N.Y. 2007).........................................7

*Weitzner v. Syneron*
Case No. 1:05-cv-05299-ENV-VVP ........................................................18

## I.       PREFACE

In *Comcast Corp. v. Behrend*[1] the Supreme Court of the United States changed the landscape for certifying class actions in federal courts. The Court pronounced a broad holding regarding the type of evidence a plaintiff must present when seeking class certification. The Court, in the context of Rule 23(b)(3)'s predominance requirement, explained that a district court must subject the evidence submitted to a "rigorous analysis." The Court pointed out that its prior application of the "rigorous analysis" standard involved Rule 23(a).[2] The Court then expressly expanded the standard to encompass 23(b) as well: "The same analytical principles govern Rule 23(b). If anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)."[3] *Comcast* thus established that the rigorous analysis standard applies to the entirety of the case.

Under the rigorous analysis, which *Comcast* requires, Plaintiff Todd Bank ("Bank") will not be afforded favorable presumptions from the pleadings or otherwise, and he must be prepared to prove with facts—and by a preponderance of the evidence—the requirements of Rule 23. *Comcast* requires the Court to subject *all* aspects of Bank's TCPA lawsuit—liability, affirmative defenses and damages—to a rigorous analysis of the evidence to determine whether uniform evidence allows the Court to try this case as a class in an efficient and manageable manner. Bank did not meet his burden. He did not provide any evidence, let alone evidence that survives a rigorous analysis, evidence which provides a path by which this Court can ascertain the identity of the putative class members or whether Bank satisfied the requirements of Rules 23(a) and 23(b)(3).

---

1.       133 S.Ct. 1426, 1432 (2013).
2.       *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); s*ee also Burley v. City of New York,* 2005 WL 668789, at *2 (S.D. N.Y. Mar. 23, 2005) (before certifying a class, a district court must be persuaded, 'after a rigorous analysis,' that the prerequisites of Rule 23(a) have been satisfied)(*citing General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S. Ct. 2364, 2372 (1982)).
3.       *Comcast,* 133 S.Ct. at 1432.

## II.      BACKGROUND: THE PROPOSED CLASS

Bank filed this putative class action in November 2012, alleging that CCL violated the

TCPA.[4] On this basis, he seeks injunctive relief, damages and attorney's fees.[5] Bank admits that

some unknown third party with CCL's authorization placed two calls (August 15 and 21, 2012)

to his "residential telephone line … using an artificial or prerecorded voice that stated that Bank,

if he were to complete a survey and remain on the telephone line, would be given an opportunity

to take a cruise."[6] Bank baldly alleges that "thousands of individuals" received such calls

without "prior express invitation or permission" and did not have "an established business

relationship with CCL … ."[7] Despite having the opportunity to conduct discovery on the putative

class,[8] neither Bank's Class Certification Motion nor the support filed with it, identifies *another*

individual who allegedly received such a call or falls into the proposed class, which he broadly

defined as:

> [A]ll persons to whose residential telephone lines Defendant, Caribbean Cruise
> Line, Inc. ("CCL"), or a third party acting with the authorization of CCL, placed
> one or more telephone calls using an artificial or prerecorded voice that delivered
> a message that advertised the commercial availability or quality of property,
> goods, or services, other than Defendant, its officers, employees, representatives,
> and their families (the "Class"), during the period from February 7, 2012, to the
> commencement of this action until November 9, 2012 (the "Class Period").[9]

## III.      BANK LACKS STANDING TO PURSUE THIS CLAIM

As a threshold issue, Bank has not made out a case or controversy between himself and

CCL. Bank claims he received two survey calls that make him a member of the class he

---

4.      DE: 1 (date filed Nov. 9, 2012).
5.      *Id.* at Prayer for Relief.
6.      *Id.* ¶¶ 7-8.
7.      *Id.* ¶13.
8.      Bank Depo. 58:11-22, taken Feb. 26, 2014 ("Bank Depo."), attached as Exhibit "1" to the Declaration of
Raul Valero, attached hereto as Exhibit "A" ("Valero Dec.") (Bank cannot explain how he will identify class
members); *see* Minute Entry 01.01.14.
9.      DE: 62 p. 1.

proposes;[10] yet, he offers no evidence that CCL or some third party on its behalf called him. Indeed, he admits he cannot say who actually called him.[11] "[W]hether the plaintiff has made out a 'case or controversy' between himself and the defendant ... is the threshold question in every federal case, determining the power of the court to entertain the suit."[12] Bank had the burden of showing that he has standing, but failed to meet it.[13] Bank lacks Article III standing because he has *no evidence* tracing the two offending calls he *alleges* he received to CCL, so he can prove no actual dispute with CCL. Nor has he established that any and every call made by "or on behalf of" CCL during the class period were in violation of the TCPA; or even what types of calls were being made. "[N]o class may be certified that contains members lacking Article III standing."[14] Bank lacks Article III standing and identifies no one else with standing, thus his putative class fails.

## IV. BANK DOES NOT ESTABLISH FACTS SUPPORTING EACH OF THE NECESSARY ELEMENTS OF RULE 23(a) AND RULE 23(b)(3).

### A. BANK DID NOT SATISFY RULE 23(A)

Bank alone bears the burden of establishing each Rule 23(a) requirement,[15] by a preponderance of the evidence.[16] "To establish a fact by a preponderance of the evidence means

---

10. DE: 1 ¶¶ 7-8.
11. Bank Depo. 34:8-21.
12. *Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 62 (2d Cir. 2012) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)); *Janes v. Triborough Bridge and Tunnel Authority,* 2012 WL 177420 3 (S.D.N.Y. Jan, 23, 2012).
13. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S. Ct. 1142 (2009); *see also Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (plaintiff must allege "such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction").
14. *Denney v. Deutsche Bank AG*, 443 F. 3d 253, 264 (2d Cir. 2006); *Floyd v. City of New York,* 2012 WL 1868637, at **9-10 (S.D.N.Y. May 16, 2012)(there must be a at least one plaintiff who can satisfy the Article III case or controversy requirement).
15. The requirements are numerosity (and impracticability of joinder), commonality, typicality and adequacy, and ascertainability. Fed. R. Civ. P. 23(a)(1)-(4); *Vu v. Diversified Collection Services, Inc*., 293 F.R.D. 343, 352 (E.D.N.Y. 2013).
16. *Novella v. Westchester Cnty.*, 661 F.3d 128, 148-49 (2d Cir. 2011) ("We note, however, the well-established rule that *a plaintiff must satisfy all of the requirements of Rule 23, by a preponderance of the evidence, to obtain class certification* . . . ."); (emphasis added).

[Bank has] to prove that the fact is more likely true than not true."[17] Bank cannot simply "presume" conformance with the Rule as he does.[18] Rather, to meet his burden *Bank had to establish each element with facts relevant to the Rule 23 requirement*. As the Supreme Court explained in *Comcast*, Rule 23(a) "does not set forth a mere pleading standard," but rather the party seeking class certification bears the burden of establishing the existence of all four Rule 23(a) requirements "*in fact*."[19] In addition, Bank had to establish "that the identities of the class members are reasonably *ascertainable* by reference to objective criteria."[20]

### 1. Bank does not establish numerosity or show an ascertainable class.

Rather than making a cogent *factual* argument to establish numerosity, Bank merely announces a conclusion: "As made clear in the Factual Background, *supra*, it is indisputable that the numerosity requirement has been met."[21] Specifically, Bank states "CCL produced 31,369 spreadsheet pages of records of telephone numbers."[22] On this basis he argues the "telephone numbers" in the two pages of the spreadsheet he filed "indisputably" prove numerosity."[23] Bank's conclusion about the spreadsheet does not survive the rigorous evidentiary analysis *Comcast* requires.

First, Bank tells the Court nothing about the spreadsheet. He does not explain the circumstances of its production or its contents or the absence of telephone numbers on the "spreadsheet" he filed. Nor does he provide this Court with any basis upon which to believe the

---

17.    *Richardson v. Merritt*, 12-CV-5753 ARR, 2014 WL 2566904, *5 (E.D.N.Y. 2014).

18.    *See In re Vivendi, S.A. Sec. Litig.*, 242 F.R.D. 76, 83 (S.D.N.Y. 2007). Simply attaching documents to a declaration, that Bank did not produce, prepare, have direct knowledge over, or was involved in making, does not properly authenticate the documents. *See e.g. Valley Ins. Co. v. Wellington Cheswick, LLC*, C05-1886 RSM, 2006 WL 3030282, at *4 (W.D. Wash. Oct. 20, 2006) *motion for relief from judgment granted*, C05-1886RSM, 2007 WL 1531674 (W.D. Wash. May 24, 2007).As a result, this Court should decline to consider Exhibit A of Bank's Motion.

19.    *Comcast*, 133 S. Ct. at 1432 (quoting *Dukes*, 131 S. Ct. at 2551-52) (emphasis in original). *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).

20.    *Vu v. Diversified Collection Services, Inc.*, 293 F.R.D. 343, 352 (E.D.N.Y. 2013).

21.    DE: 62 at 5.

22.    DE: 62 at 2; (emphasis added).

23.    DE: 61-1, the only pages of record. *See also* Pltf's Dec., DE 61-1 ex. A.

"spreadsheet" is authenticated and/or admissible. Instead, Bank asks the Court to accept the existence of "telephone numbers**,**" which do not appear on the document he filed, suggesting the spreadsheet numbers "are provided in code."[24] Bank then opines, "CCL should, *of course*, be able to provide the original un-redacted data that would enable identification of the recipients of the calls."[25] Conspicuously, even after getting the 31,369 spreadsheet pages Bank did nothing to get the information he suggests can be "decoded."[26] Under *Comcast*, however, Bank had to present all the *evidence* material to the class certification motion with the motion, but he did not; and discovery is closed.

Second, the Court cannot submit Bank's opinion about what the "in code" spreadsheet shows or his suggestion that CCL can decode it later to a rigorous analysis. Bank had to produce his evidence now in order for the Court to determine whether the evidence shows class membership is sufficiently large to warrant a class action because joinder is impractical.[27] Bank, however, supplied no evidence about, and the spreadsheet does not establish, the number of class members. The spreadsheet is actually a CCL report, which reflects follow-up calls with the call recipient's express consent.[28] Bank admits these follow-up calls are ***not*** the subject of this lawsuit because he "didn't think those calls were a violation of the statute."[29] Bank also admits he received a follow-up call from CCL with his consent,[30] albeit he gave CCL an assumed name,

---

24. DE: 62 at 2.
25. DE: 62 at 2.
26. At deposition, Bank openly acknowledged his failure to conduct the necessary discovery: "Q. How would you determine whether somebody received a political survey call or some consumer-oriented survey call as which you described? A. Presumably discovery would show what kind of calls are made to which people. Q. Discovery is closed in this case. A. I understand. Q. Have you taken any depositions? A. No, I not." Bank Depo. 58:11-22.
27. *See, e.g., Central States Southeast & Southwest Areas and Welfare Fund v. Merck-Medco Managed Care, LLC,* 504 F.3d 229, 244-45 (2d Cir. 2007).
28. Declaration of Jennifer Poole, ¶ 4, attached hereto as Exhibit "B" ("Poole Dec.").
29. Bank Depo. 210:24-25 & 211:1-6.
30. Bank Depo. 210:24-25 & 211:1-6.

"Todd Wright."[31] Yet, because he has no other evidence, Banks suggests his evidence of numerosity is "in code" to be deciphered later. Coded or decoded, the spreadsheet does not prove numerosity.

Finally, the first problem with Bank's reliance on the spreadsheet is that it **does not** contain telephone numbers for surveys calls such as the one Bank alleges he received. CCL never made any survey calls of the kind Bank describes.[32] The spreadsheet reflects permissible follow-up calls for which the recipient had given consent, not third party calls.[33] For example, the CCL call to Bank's telephone number [7185216043[34]] reflected in the spreadsheet occurred on August 28, 2012, at least a week after the purported offending calls.[35] A second problem with Bank using the spreadsheet as evidence of numerosity is -- as Bank's ruse and use of the "Todd Wright" alias illustrates -- the spreadsheet does not necessarily identify the actual subscriber of the called telephone number on the call date.[36] A third problem for Bank is the spreadsheet does not distinguish a residential telephone number from a cellular telephone number; and does not differentiate between an answered or unanswered call.[37] The spreadsheet does not show CCL is responsible in any way for the purported violative "survey" calls that are actually at issue in this case, and does not show the class he defined has any members.[38] The Court thus has no evidence

---

31.   Poole Dec. ¶ 8.
32.   Poole Dec. ¶ 5.
33.   Poole Dec. ¶¶ 4 & 7. *See, e.g., Leyse v. Bank of Am., Nat. Ass'n,* 09 CIV. 7654 (JGK), 2010 WL 2382400 (S.D.N.Y. June 14, 2010)(calls made with consent permissible under TCPA).
34.   Bank Depo. 4:12-23.
35.   Poole Dec. ¶ 8.
36.   Poole Dec. ¶ 10.
37.   *Abramson v. Caribbean Cruise Line, Inc.*, 2:14-CV-00435, 2014 WL 2938626 (W.D. Pa. June 30, 2014) ("We find that because the caller hung up before anything was said, there can be no violation of the TCPA since it cannot be determined that a prerecorded voice was used."); Poole Dec. ¶ 9.
38.   The 87 pages of "additional discovery" Bank attached to his Declaration likewise do not establish numerosity. Primarily, the documents are not authenticated and no effort is made to connect them to this case or the issues in the Motion for Class Certification. Bank never explains how or why these documents relate to his claim or factually support the numerosity requirement. Other than his statement that the spreadsheet contains telephone numbers, Bank made no effort to explain how the spreadsheet or the other documents survive the rigorous evidentiary analysis *Comcast* requires, for him to establish numerosity by a preponderance of the evidence. *See* DE

of numerosity to subject to a rigorous analysis.

For these same reasons, the spreadsheet and other documents Bank filed do not demonstrate an identifiable, *ascertainable* class as Bank proposes. The spreadsheet shows the number of a person who gave consent to be called as a follow-up. The spreadsheet does not prove the existence of any individual falling within the defined class as proposed. The Court can only determine from this spreadsheet that these telephone number show who is <u>not</u> a member of the putative class. As this district explained in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, an ascertainable class exists when "the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."[39] The Court therefore cannot objectively determine who is in the class solely by looking at telephone numbers of those who do not fall within the class Bank proposes.

This is not the first or only putative class action where Bank failed to provide evidence in a class certification motion.[40] In a virtually identical action against CCL in this district,[41] Magistrate Pohorelsky recommended against certifying Bank's putative class because he failed to establish numerosity.[42] Adopting the R&R in its entirety,[43] the court noted "[Bank's] failure to satisfy the requirements of Rule 23(a) stems from his inability to prove that the *defendant was in any way responsible for the email he received, or that the class he has defined has any*

---

61 Pltf's Dec., DE 61-2 ex. B.

39.    293 F.R.D. 287, 298-99 (E.D.N.Y. 2013)(citations and internal quotations omitted). The *Shady Grove* court explained that "ascertainability" is an "implied requirement" of Rule 23(a).

40.    *See Bank v. CCL,* Case no. CV-11-2744 (E.D.N.Y.) at DE: 76, 77; *McGaughey v. Treistman*, Case No. 1:05-cv-07069-HB (S.D.N.Y. 2007) at D.E. 46 (ruling that plaintiff's "class of one" meant that the Rule 23 inquiry ended with subsection (a) because of the blatant failure to satisfy numerosity) – Attached as Exhibit "2" to the Valero Dec.; *see Leyse v. Corporate Collective Services,* Case No. 1:03-cv-08491-DAB-RLE (S.D.N.Y. 2003) at D.E. 31 – Attached as Exhibit "3" to the Valero Dec.

41.    Complaint, *Bank v. CCL,* Case no. CV-11-2744, attached as exhibit "4" to the Valero Dec.

42.    Magistrate's Report and Recommendations re: class certification, Bank FEMA case CV-11-2744, DE: 76 ("Bank Prior Class Action Denial MRR"), attached as exhibit "5" to Valero Dec.

43.    Order adopting Magistrate's Report and Recommendations, Bank FEMA case CV-11-2744, DE: 77, attached as exhibit "6" to the Valero Dec.

*members.*"[44] Likewise here, Bank's bare allegation of numerosity, or speculation as to the number of class members, is insufficient to satisfy *Comcast* or Rule 23(a).[45]

### 2. Bank cannot show questions of fact or law common to the class.

Not one of the five purported common questions Bank poses is of such a nature that it is capable of class-wide resolution or that its determination will resolve in one stroke an issue that is central to the validity of each one of the claims.[46] The five questions will not "generate common answers apt to drive the resolution of the litigation" because "dissimilarities within the proposed class" have "the potential to impede the generation of common answers."[47] Rather than meeting his burden, Bank offers a conclusory assertion: "The commonality requirement is clearly satisfied here because the conduct at issue with respect to each of the class members is the same, *i.e.*, the placement of robocalls."[48] Bank's bare argumentative assertion, however, is unsupported by any factual evidence (*e.g.*, no citation to his Declaration or any discovery). His five purported common questions will not provide common answers that will "drive the resolution of the litigation,"[49] as discussed below.

First, the spreadsheet does not support that Bank or others received a "robocall" or that CCL or some third party "acting with authorization" is responsible for placing *all* the calls allegedly violating the TCPA.[50] Indeed, Bank admits he still has no idea who "placed" the two alleged calls to him. Even overlooking this fatal infirmity for a moment, Bank did not explain

---

44.   *Id.* The same situation is present here. Bank admits that CCL did not make the survey call upon which his class claims are based. Thus, under the TCPA if any liability can exist as against CCL, it could only be by virtue of some vicarious liability theory. But no such theory is pleaded and no evidence of the elements of any such theory exists. Bank has thus failed to demonstrate that CCL was in any way responsible for the survey calls at issue.

45.   *See Oscar v. BMW of North America, LLC,* 274 F.R.D. 498, 506 (S.D.N.Y. 2011) (citing *Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85 (E.D.N.Y. 2001), *stating* "[w]here the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails.").

46.   *Dukes*, 131 S.Ct. at 2551.

47.   *Id*.

48.   *Id.* at 5.

49.   *Dukes*, 131 S.Ct. at 2551.

50.   DE 62, pg. 5.

how he proposes (given his inability to say CCL or someone on its behalf called him or any other putative class member) to address these distinct "who called" questions of fact on a class-wide basis.[51] Without proof of the relationship between CCL and the maker of the allegedly offending call, the evidence does not establish a case against CCL since the only evidence before the Court is that CCL did not make the offending calls.[52]  Bank had the burden to show who actually placed the call and if CCL did not, then to show why CCL is vicariously liable for the calls a third party placed. Of course, Bank made no effort to argue the point, let alone submit evidence to do so. If CCL demonstrably did not make the call as the spreadsheet shows, then it is not directly liable and there is no common question of fact or law.

Second, without establishing whether (and who) placed the offending calls and the content of the calls (e.g., "artificial or prerecorded voice messages"), and without establishing who received the call and that all the members of the class received the call, asking Bank's common question whether the "calls at issue violated the TCPA"[53] is pointless. Bank's bare question asked in the vacuum without facts does not survive a rigorous analysis.[54]

Third, Bank's self-serving suggestion that the "conduct at issue" alone shows CCL "willfully or knowingly violated the TCPA" is not proof of commonality. For one thing, Bank has not even shown that CCL made the purportedly offending call, *i.e.*, engaged in a unitary course of conduct toward the putative class, so he has no factual proof of willfulness or knowledge. For another thing, Bank did not connect the TCPA "conduct at issue" dots to CCL,

---

51.    In *Levitt,* a case cited with approval in *Saf–T–Gard*, decertified a TCPA class, among other reasons, for a lack of commonality. *Levitt v. Fax.com*, CIV. WMN-05-949, 2007 WL 3169078, at *3 (D. Md. May 25, 2007), *citing Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, 313-15 (N.D. Ill. 2008). The *Levitt* court reasoned that a question is not common if its resolution cannot be achieved in a single hearing, but rather, would turn on the consideration of the individual characteristics of each class member.

52.    CCL 1st RFA, response #9 and 10, pg. 7; *see also* CCL 1st ROGS, Answer to question 2; *see generally* Poole Dec.

53.    DE 62, pg. 5.

54.    DE: 62 at 16. *See Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85 (E.D.N.Y. 2001).

so whether CCL acted willfully or knowingly cannot be answered as a common question of law.

Fourth, while the amount of statutory damages of $500, or $1,500 if trebled, under the TCPA may be a common question,[55] Bank ignores that he still has not identified a class or linked CCL to the alleged offending call to him, let alone a putative class. For example, Bank claims he received two calls to his residential phone, yet, despite the opportunity to conduct discovery he did not learn or identify who called him or a single putative class member who allegedly received the type of call about which he complains.[56] The spreadsheet does not, by Bank's own admission" show a violative call. Overlooking this fundamental infirmity and even assuming he had telephone numbers for call recipients (which he does not), Bank's class definition includes unanswered calls, calls to cellular telephones, calls to someone other than the subscriber, calls to disconnected telephone numbers and calls where the recipient hung up immediately upon answering.[57] Establishing that a call recipient actually received and listened to a survey call using an artificial or prerecorded voice message (as opposed to the calls identified on the spreadsheet)[58] and how many offending calls involves individualized inquiries. The question of the amount of statutory damages available therefore may be common, but the inquiry regarding whether a class member suffered any damages will be highly individualized and will not lead to common answers.

Finally, Bank made no effort to present any factual evidence that injunctive relief is a

---

55. DE 62 at 5.
56. DE: 1 at ¶¶ 7-8.
57. *See e.g. Abramson v. Caribbean Cruise Line, Inc.*, 2:14-CV-00435, 2014 WL 2938626 (W.D. Pa. June 30, 2014) ("We find that because the caller hung up before anything was said, there can be no violation of the TCPA since it cannot be determined that a prerecorded voice was used."). How can Bank determine a call to a cellular telephone versus a residential line? Bank leaves more questions than answers. These examples also show why Bank's proposed class is overly broad and unmanageable.
58. Nor does Bank address how he would differentiate the supposed survey call he allegedly received to those at issue in the *Birchmeier* class action pending in the Northern District of Illinois. *See* DE: 60, 61, 62; *Birchmeier et al. v. CCL, et al.*, Case No. 1:12-cv-04069, Consolidated Complaint, attached as Exhibit "7" to the Valero Dec.

common question. Indeed, the absence of facts is dispositive. Bank nonetheless predicates this (and each other) purported common question on a false premise: that CCL made the two calls he received but he has no facts to establish his assertion.[59] Moreover, Bank does not explain away the evidence that establishes CCL did not make the call and that Bank did not prove that there is anyone else in his putative class.[60] Consequently, a class will not generate an answer to this question (or the other questions for that matter), or resolution of the case. As *Wal–Mart Stores, Inc. v. Dukes*[61] explains, a district court must consider not only the common questions raised by the class, but "the capacity of a class-wide proceeding to generate *common answers* apt to drive the resolution of the litigation." Thus, there is no resulting common answer to the most important question "at the core of the cause of action alleged."[62] Therefore, Bank did not meet his burden to establish commonality.

### 3. Bank did not establish that the claims or defenses are typical of the claims or defenses of the class.

Without a shred of factual support (or argument), Bank offers a conclusory assertion in support of typicality: "Plaintiff's claims, both factually and legally, are the same as the claims of each class member."[63] That is all he says. Rule 23(a)(3)'s typicality requirement is only satisfied when each member's class claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.[64] Because Bank offers no factual evidence that either CCL or a third party acting with CCL's authorization placed the calls

---

59.  *See* DE: 1 at ¶ 7-8.
60.  CCL's Response to Plaintiff's First RFA, response #9 and 10, pg. 7 ("CCL 1st RFA"), attached as exhibit "8" to Valero Dec.; *see also* CCL's Verified answers to Plaintiff's First Set of Interrogatories, Answer to question 2, dated Aug. 5, 2013 ("CCL 1st ROGS"), attached as exhibit "9" to the Valero Dec. *See generally* Poole Dec.
61.  131 S.Ct. 2541, 2551 (2011).
62.  *See MacNamara v. City of New York,* 275 F.R.D. 125, 138 (S.D.N.Y. 2011).
63.  DE: 62 at 6.
64.  *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d. Cir. 1993).

to him (except for the call he admits CCL made to him with his consent),[65] CCL has a defense peculiar to him. Moreover, Bank for this reason is also not a member of the proposed Class. The presence of even an arguable defense peculiar to Bank is sufficient to destroy typicality and bring into question the adequacy of his representation.[66] Typicality is lacking because Bank provides no factual support for the bald claim that he suffered an injury at CCL's hands.

### 4. Bank did not establish any facts showing he can serve simultaneously as named plaintiff and class counsel.

Bank as Plaintiff and as lawyer so far has not, and going forward will not, protect the interests of the putative class fairly and adequately.[67] Conspicuously, Bank does not offer a single fact supporting the self-serving conclusions he offers in his Declaration.[68] Instead, Bank avoids the facts, which cut directly against his position. For example, although he is well aware of the inherent conflict in what he proposes, Bank offers bare conclusory assertions to suggest there is no conflict. Bank, however, cannot deny that he has a chance to gain financially from an award of attorneys' fees, which has and will color the decisions he makes as class representative.

Moreover, whether in his Plaintiff or lawyer capacity, Bank openly admits he did not pursue discovery in a way that he could establish numerosity, typicality or commonality. Consider that this lawyer/plaintiff claims he established numerosity by obtaining a spreadsheet written in "code," which he says CCL can decode; yet, discovery is closed and he never asked CCL to "decode" the spreadsheet. Consider also that he never took a single deposition to

---

65.    CCL 1st RFA, response #9 and 10, pg. 7; *see also* CCL 1st ROGS, Answer to question 2.

66.    *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011); *see also Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164-65 (7th Cir.1974).

67.    To establish adequacy, the facts must support that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). *See In re Drexel Burnham Lambert Group, Inc.* 960 F.2d 285, 291 (2d Cir. 1992); *see also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?").

68.    DE: 61 at ¶¶ 4, 6, 7, & 8.

establish the facts of his own claim let alone those of the putative class. Not only is Bank unaware of any individual who would fall in the proposed class, he concedes he has not the faintest idea where to get such information. When asked whether he planned to obtain information from third parties whom he alleges may have called him, Bank said "Possibly -- who knows? Possibly if there is a trial and I subpoena third parties they might have those records."[69] Once again Bank, whether as class representative or lawyer, misses the obvious point: he must prove a certifiable class now with evidence that withstands a rigorous analysis, not later at trial.

The adequacy factor serves to uncover conflicts of interest between a named plaintiff and the class.[70] Bank failed to explain away his conflicts, as discussed further below.

### a. __Bank has an irreconcilable conflict of interest, which prevents him from representing the class or serving as class counsel fairly and adequately__.

In his Motion, Bank admits that this Court recently found he had an *inherent conflict* serving as both class representative and class counsel.[71] The Court voiced similar concerns when it *denied* class certification in his other suit against CCL.[72] Thus, Bank knows this Court already rejected his entreaty to serve in a dual-role as named plaintiff and counsel, yet he is back trying to do so again. The central conflict of interest that bars Bank, the *pro se* plaintiff here, from serving as both class counsel and representative is that his "duty to represent class interests ... impermissibly conflict[s] with [the] chance to gain financially from an award of attorneys' fees."[73] Bank, the plaintiff and lawyer, has "antagonistic" personal financial interests that are at

---

69.    Bank Dep. 60.
70.    *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).
71.    DE: 62 at 8.
72.    Bank Prior Class Action Denial MRR.
73.    *Matassarin v. Lynch*, 174 F.3d 549, 559 (5th Cir. 1999); *See also Jaffe v. Capitol One*, 2010 WL 691639, *10 (S.D.N.Y. 2010), citing 5 James Wm. Moore et al., Moore's Federal Practice § 23.25 (3d ed.2010) ("an attorney may not bring a class action pro se because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest."). Other recent cases where the court rejected Bank's attempt to serve as both counsel and class representative include *Todd C. Bank v. Hydra Group, LLC*, No. 1:10-cv-01770-JG-VMS (E.D.N.Y. Aug. 6, 2013), and *Todd C. Bank v. Caribbean Cruise Line*, 1:11-cv-02744-MKB-VVP (E.D.N.Y., filed

odds with the interests of the class as a whole. The plain truth of the matter is that any attorney "wearing two hats, one as class representative and the other as class counsel" raises questions of "professional propriety."[74] Courts explain that because of *inherent incompatible interests*, a *pro se* plaintiff cannot act as both class representative and counsel at the same time.[75]

Plaintiff Bank offered no facts or evidence to support a conclusion that he will serve as both class counsel and representative adequately or fairly.[76] Bank's role as lead plaintiff coupled with his role as lead counsel, therefore, implicates a serious issue of professional propriety and is another substantive reason to deny Bank's Motion.

### b. **Bank is Unqualified to Act as Class Counsel**

If the impropriety of serving both as Plaintiff and class counsel is not reason enough to reject Bank's contentions, then the manner in which he has conducted himself during the present action as well as his performance in other cases over the last ten years leaves no question that Bank lacks the qualifications necessary to act as class counsel. An important part of the Court's inquiry under Rule 23(a) is an examination whether Bank is an appropriate attorney to represent the putative class. In fact, the adequacy inquiry is one of the <u>key</u> requirements in seeking class certification since class counsel is in a fiduciary-like relationship with the members of the putative class.[77] Because of the importance of class counsel, this Court should not only consider Bank's behavior in this matter (*e.g.*, the "spreadsheet" issue), but should also look at his

---

June 6, 2011).

74.   *Lowenschuss v. Bludhorn*, 613 F.2d 18, 20 (2d Cir. 1980).

75.   *See Jaffe*, 2010 WL 691639, *10 (citing *Iannaccone v. Law*, 142 F.2d 553 (2d Cir. 2004)(a pro se plaintiff may not represent the interests of a third party); *see also Ayazi v. New York City Board of Education,* 2010 WL 4789403 (E.D.N.Y. 2010); *Rodriguez v. Eastman Kodak Co.*, 88 Fed. Appx. 470, 471 (2d Cir.2004).

76.   *Jaffe*, 2010 WL 691639 *10, citing 5 James Wm. Moore et al., Moore's Federal Practice § 23.25 (3d ed. 2010) ("[A] pro se class representative cannot adequately represent the interests of other class members. Moreover ... an attorney may not bring a class action pro se because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest."). Bank belief in his qualifications to represent the class [DE 61, ¶ 8] is actually belied by the record, and his failings in other cases in this district.

77.   *See Kingsepp v. Wesleyan University*, 142 F.R.D. 597, 599 (S.D.N.Y 1992).

involvement in other class action litigation, as discussed next.[78]

### i.   Bank failed time-and-time again to focus attention on his burden of proof in a Rule 23 class action.

Bank is uniquely <u>unqualified</u> to act as class counsel for several reasons. First, in addition to his failure to engage in meaningful discovery in this action that might establish facts to support his burden of proof,[79] the record is replete with Bank's failures in similar class actions, including several in this district.[80] For example, in a recently dismissed class action he filed against CCL in this district,[81] Bank did not appear at depositions that he scheduled. He failed to depose key witnesses who purportedly had knowledge of facts that he contends would support his allegations. The Court sanctioned him for his misconduct (a sanction Bank has yet to pay), which he defiantly challenged in a motion for reconsideration, which the Court denied, finding Bank's motion to be "**utterly without merit**."[82] Bank simply cannot show he is focused on or even concerned about meeting his obligations as counsel to the putative class. Moreover, the fact that this Court sanctioned him in the recent past for failing to meet his obligations as class counsel shows that Bank's lack of diligence and qualification is a continuing problem.

Second, Bank cannot escape the simple fact that he has never actually served as lead counsel in a certified class. While Bank's Declaration states he served as co-counsel in actions certified as classes, his representations about those cases are wildly inaccurate and hence misleading.[83] For example, in *Seebach,* a case in Washington State he cites as support for his class experience, Bank *never* actually appeared as counsel of record.[84] In another case, *Holster v.*

---

78.    *See Id.* at 602.
79.    Bank Depo. 58:11-22.
80.    *See e.g.*, Bank Prior Class Action Denial MRR; Bank Depo. pg. 197:1-200:11; cases cited within the Valero Dec. ¶¶ 3, 4, 6, 8, 11, 15.
81.    *Todd C. Bank v. Caribbean Cruise Line Inc.,* Case No. 11-2744-CIV-BRODIE.
82.    *See, e.g., id.* at 59 (emphasis added).
83.    *See* Bank Decl. to Motion, DE: 61 at ¶3.
84.    *See e.g.* Bank Depo. 199:9-25 ("I was not formally appointed as class counsel.").

*Gatco,* a court in this district in refused to certify a TCPA class action where Bank participated. In fact, on remand from the U.S. Supreme Court for reconsideration, the Second Circuit affirmed the court's dismissal.[85]

Third, despite his contentions to the contrary, Bank's class action experience is limited and quite marginal as several courts have pointed out. Indeed, courts have criticized Bank openly and repeatedly for his tactics and poor lawyering skills. For example, in *Doyle v. Roberts,*[86] Bank sued the individual members of the Supreme Court of the United States in the Eastern District of New York for refusing to grant certiorari after the Second Circuit Court of Appeals affirmed the dismissal of another Bank suit, a case where the court said that Bank "botched the case."[87] The court dismissed the Bank lawsuit against the Supreme Court justices, the Second Circuit affirmed and the Supreme Court denied certiorari review.[88]

Bank has a penchant for failing to show up at hearings,[89] making untimely filings. The words of this Court speak volumes about Bank's inability to serve as class counsel in this case. Regardless of what a court may rule or say, including imposing sanctions, and irrespective of the

---

85.      *See Holster v. Gatco, Inc.,* 618 F.3d 214, 217 (2d Cir. 2010).

86.      *Doyle v. John G. Roberts, et al.,* 2011 WL 1740305 *1, (E.D.NY 2011) Case No. 1:10-cv-02278-JG-RLM at D.E. #10 at p. 1 (E.D.N.Y 2011) – Attached as Exhibit "10" to the Valero Dec.

87.      As this court explained: Plaintiff Robert Doyle brought an action in state court in 1996 complaining of injuries he claimed to suffer from taking a certain medicine in 1989 and 1993. **Eventually, Doyle and his attorney, Todd Bank,** *botched the case,* **which was dismissed by the state court in 2006 after they failed to show up at a status conference**. *See Doyle v. Am. Home Prods. Corp.,* 286 A.D.2d 412 (N.Y.App.Div.2001). . . . **Two years later, Doyle, who during the pendency of the state case went to law school, made a federal case out of his dismissed state case, filing the same complaint in this district pro se**. *Doyle v. Am. Home Prods Corp.,* No. 06–CV–5392(ERK)(LB), Docket No. 1 (E.D.N.Y. Sept. 18, 2006). **Judge Edward R. Korman dismissed the action as untimely**. *Id.,* Docket No. 25 (March 31, 2008). **Enter Todd Bank again**; he filed a notice of appearance on Doyle's behalf and moved for reconsideration, which Judge Korman denied. *Id.,* Docket No. 34 (July 16, 2008). Bank prosecuted Doyle's appeal to the Second Circuit, which affirmed. *Doyle v. Am. Home Prods. Corp.,* 583 F.3d 167 (2d Cir.2009). … Bank then filed a petition for a writ of certiorari in the Supreme Court of the United States.

… The Supreme Court denied the petition. *Doyle v. Am. Home Prods. Corp.,* 130 S.Ct. 2099 (2010). **Bank and Doyle then decided to make a second federal case out of the ill-fated claim originally filed 15 years ago in state court, so they filed this lawsuit. It names as defendants the nine justices of the Supreme Court of the United States, and claims that any congressional grant of discretion to them to determine whether to issue writs of certiorari [is unconstitutional] … ."** *Doyle,* 2011 WL 1740305 at *1.

88.      *Doyle v. Roberts,* 463 Fed. Appx 50 (2d Cir. 2012) *cert denied* 132 S.Ct 2722 (2012).

89.      Indeed, Bank failed to appear at a scheduled status conference in this case.

facts or the law, Bank proceeds undeterred and unconcerned about his whimsical failings. Consider that a judge in a North Carolina case, *Leyse v. Bank of America, N.A*., publicly admonished Bank for his attempt to make end runs around the law and – in the words of the Judge overseeing the case – caused a "patent waste of judicial resources."[90] Indeed, after the North Carolina court transferred the *Leyse* case to this district, the court here in dismissing the case noted that:

> **This case has the whiff of the inappropriate** in view of the pursuit of this action arising out of the very same telephone call that is the subject of the Dutriaux action while the Dutriaux action was stayed. Moreover, it is **odd that the plaintiff's attorney [Bank] pursued this action in North Carolina when the action relating to the same telephone call was stayed in New York**.[91]

Even more telling and consistent with his conduct in other cases, Bank has suffered sanctions based on discovery abuses.[92] In the *Ganci* case, for instance, the court sanctioned Bank and awarded defendant $14,469.00 for attorney's fees arising from Bank's failure "to comply with three Court orders."[93] In another dismissed Bank case, the Honorable Edward R. Korman of this district explained his dismissal as "the culmination of a course of dilatory conduct spanning over a number of years" and "the culmination of a course of conduct that plainly demonstrated a neglect to prosecute."[94]

Finally, in dismissing another Bank class action under the TCPA, the Honorable Eric N. Vitaliano of this Court identified sixteen (16) other putative class action cases Bank brought in

---

90.  Case No. 3:09-cv-000970RJC-DLH (W.D.N.C. 2009) at D.E. #29 at pp. 4,6 – Attached as Exhibit "11" to the Valero Dec. The case was transferred to the Southern District of New York where a suit Leyse's roommate filed regarding the same telephone call was pending. *Leyse v. Bank of America, Nat. Ass'n*, 2010 WL 2382400 (S.D.NY Jun. 14, 2010)(dismissing Telephone Consumer Protection Act claim because the named plaintiff lacked standing).

91.  *Leyse*, 2010 WL 2382400 *6 (emphasis added).

92.  *Ganci v. National Asset Management Enterprises, Inc.*, Case No. 1:03-cv-06164-RJD-KAM (E.D.N.Y. 2003) at D.E. #57 ($14,469.00 in monetary sanctions were imposed) – Attached as Exhibit "12" to the Valero Dec.

93.  *Id.*

94.  *Doyle v. American Home Products Corp.*, Case No. 1:06-cv-05392ERK-LB (E.D.N.Y. 2008) at D.E.: 34 at p. 5 – Attached as Exhibit "13" to the Valero Dec.

the Eastern District voluntarily withdrawn or dismissed for lack of subject matter jurisdiction without a decision on the merits.[95] As these examples show, Bank truly lacks the basic qualifications, responsibility or breadth of experience to litigate a nationwide class action.[96]

## ii. Bank lacks the necessary resources to pursue this case on a class basis.

Another insurmountable problem that glaringly demonstrates Bank's inadequacies as class counsel is that he does not have the resources necessary to fund class action litigation. Bank testified that he is a solo practitioner without any other staff members.[97] He admits he works out of his apartment.[98] He admitted that he does not have Westlaw or Lexis.[99] When asked what legal research resources he uses to litigate his cases, Bank responded: "I use a lot of Google scholar and if I need to get a copy of a Westlaw case which is remarkably less frequent, I can always ask a colleague for a case if I need it."[100] Bank also purposefully avoided answering whether he had the resources to pay for the necessary class notice, if a class is certified.[101]

Despite the reality of his apartment office, absence of staff, reliance on Google for legal research and his deposition evasiveness, Bank's Declaration now boldly announces "I have the resources necessary to litigate this action, and am ready, willing, and able to use those resources

---

95. *See Weitzner v. Syneron*, Case No. 1:05-cv-05299-ENV-VVP at D.E. #61 at p.2 (E.D.N.Y. 2007) – Attached as Exhibit "14" to Valero Dec.

96. Transparently, Bank's groundless claim is nothing more than an *ad terrorem* litigation tactic that Bank the lawyer/pro se plaintiff concocted to leverage the expense and difficulty in defending a nationwide class action as a way to extract a settlement from CCL. The fact is that Bank's misconduct and lack of diligence in this and other class action litigation provides ample reason for this Court to find and conclude that Bank is inadequate to be class counsel in this case. *See Kingsepp*, 142 F.R.D. at 602 (wrongdoing as determined by other courts was a sufficient basis to find that counsel was inadequate in the action before the court).

97. Bank Depo. 197:10-14.

98. *Id.* 197:18-19.

99. *Id.* 204: 2-6.

100. *Id.* 203: 20-25; (emphasis added).

101. Q. To the extent you got a class certified there may be a class notice that's required; correct? A. Sure. Q. Do you have the resources to pay for that? A. Well, it certainly depends on the cost, the notice. I don't have unlimited funds. No one does. I don't think anybody can answer that question with a definite yes, because how can you know the cost of it. *Id.* 204: 7-18. Bank ignores that experienced class counsel, as he claims to be, would know.

if and when needed."[102] Bank conspicuously neither specifies the source of those resources nor does he demonstrate that he had considered and set aside what prosecuting a putative nationwide class action might entail or realistically cost.[103] The Court has to determine whether Bank has the experience, competence, and resources to handle this case on a class-wide basis. As the foregoing shows, Bank fails to exhibit or to demonstrate any one of these three requirements.[104]

The Court for several reasons should likewise reject Bank's alternative argument that if he is unqualified to act as class counsel that another lawyer be designated class counsel.[105] First, Bank botched this case from day one, and two years later still has no facts or proof that CCL placed the allegedly offending calls. He did not conduct the discovery he claims would help him establish numerosity and to identify the members of the putative class.

Second, Bank knew when he filed this lawsuit that this Court previously rejected his attempt to be both Plaintiff and class lawyer.[106] Bank cannot feign, but he still does, ignorance about the simple principle of law that a *pro se* plaintiff/lawyer cannot act as both class representative and counsel at the same time.[107]

Third, Bank had ample time before and after he filed this 2012 case to locate a qualified independent attorney to represent the putative class; yet, he failed to do so. Moreover, he has had the opportunity and time in this case, but has been unable to identify at least one other person who is a member of his putative class. He is, therefore, unable to say that there is a single person who could appear as a named class representative to replace him.

---

102    Bank Declaration, DE: 61 at ¶4.

103.   Bank's financial resources to support a class also are suspect when he has failed to fly to Florida and take a single deposition. Bank also refused to purchase his own deposition transcript, and instead, ordered CCL's counsel to provide him a copy and threatened with pursuing sanctions.

104.   *See D.S. ex rel. S.S. v. New York City Dept. of Educ.*, 255 F.R.D. 59, 74 (E.D.N.Y. 2008).

105.   *See* DE: 62 at 1, 17.

106.   *Id.* at 8 (stating that "an inherent conflict of interest would exist … [i]f the class were certified with [Plaintiff] acting as both class counsel and class representative.").

107.   *See Jaffe*, 2010 WL 691639, *10.

Fourth, Bank ignores the predicament he created, which would hamper any lawyer that might agree to become class counsel at this point. For example, Bank did not take any depositions let alone depositions of the key witnesses at a trial, and the discovery deadline has passed. Any lawyer accepting a class counsel role has to live with the discovery Bank, because of his lack of diligence, did <u>not</u> do. Any lawyer who might agree to act as class counsel, therefore, would be stuck with the bad hand Bank played. Bringing in new counsel and resetting the litigation clock would reward Bank for his dilatory practices, would be an injustice, and would inconvenience and prejudice CCL. Consequently, Bank's "in the alternative" argument is more evidence that Bank is unqualified and has not thought through the issues, or the consequences of him having "botched" another case.

## B.   BANK DID NOT ESTABLISH THE RULE 23(B) REQUIREMENTS

Plaintiff's inability to establish each of the Rule 23(a) requisites means he can never satisfy the more stringently scrutinized Rule 23(b)(3) requirements of predominance and superiority, or overcome the inherent unmanageability of his broadly defined class.[108] In this regard, the Court's analysis of Bank's Motion ends here. Even if the Court goes on to examine the Rule 23(b) requirements, the absence of facts leads to one inexorable conclusion: the Court should deny Bank's Motion.

### 1.   Bank did not demonstrate his own claim or that common questions predominate over individual ones.

Bank did not provide any facts establishing each essential element of *his* TCPA cause of action, let alone facts showing that a putative nationwide TCPA class is ascertainable. As the Supreme Court explained, "[c]onsidering whether 'questions of law or fact common to class

---

108.   *Comcast*, 133 S. Ct. at 1432. This is a "far more demanding" analysis than the commonality analysis of Rule 23(a)(2). *Amchem*, 521 U.S. at 624. The predominance inquiry "is similar to the commonality inquiry, but it is a higher hurdle." *Gardner v. Western Beef Properties, Inc*., 2011 WL 6140518, at *4 (E.D.N.Y. Sep 26, 2011) *report and recommendation adopted as modified sub nom.*

members *predominate*' begins, of course, with the elements of the underlying cause of action."[109] As a necessary first step, to establish predominance Bank had to show that CCL initiated, or was responsible for initiating the alleged violative calls to his residential line, and to the members of the putative class. That is, he had to provide evidence along with his class certification Motion that CCL used an "artificial or prerecorded voice message" in each call allegedly placed to him, and members of the putative class. Moreover, with the amorphous class definition proposed, he would need to provide such proof of any and every call made by "or on behalf of" CCL during the same time period.

As the Supreme Court explained in *Comcast*, the predominance analysis is more rigorous than the commonality requirement. Predominance requires the Court to look at Bank's case in its entirety, including Bank's underlying claim, and to determine how his claim measures up with others who supposedly fall within the putative class. Bank cannot rest on presumptions from the pleadings or otherwise, and had to prove the requisite elements with facts — and by a preponderance of the evidence.[110] Because Bank did not identify any evidence on the central element of his claim, and did not provided evidence of anyone else's claims, Bank did not show that his TCPA claim is subject to generalized proof applicable to the class as a whole.

Bank also did not identify questions of law or fact common to the class, which predominate over questions affecting only individual members. Rather, without saying or arguing so, Bank apparently rests his predominance argument on the same five-commonality questions he argued, which he did not establish with any facts.[111] The purported five (5)

---

109.   *Erica P. John Fund, Inc., v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011); (emphasis added).

110.   *Comcast,* 133 S.Ct. at 1432. In *Dukes*, the Supreme Court confirmed that courts must "probe beyond the pleadings" and conduct a "rigorous analysis" to determine whether the requirements of Rule 23(a) are met even if doing so requires considering the merits of the putative class plaintiffs' claims. 131 S. Ct. at 2551.

111.   Without repeating each commonality argument above, particularly those set forth above in Section IV.A.2 (all of which are incorporated herein), the foregoing demonstrates that individualized issues predominate over any common issue Bank tried to muster. Bank has the burden, but failed to "affirmatively demonstrate" and

"common" issues, however, require countless individualized inquiries discussed above that will require mini-trials on a multitude of issues (with sub-issues requiring substantial individualized treatment) in order to determine whether an individual fits within the proposed class.[112]

As the Supreme Court emphasized in *Comcast*, in conducting a predominance analysis, courts must be cautious not to allow individual questions to "overwhelm" the common ones.[113] Bank's proposed class requires a number of individual inquiries, which quickly overwhelm the process, which he cannot remedy. To avoid the problem Bank makes the mistaken assertion that predominance is satisfied solely because "the conduct Plaintiff has alleged, and the resulting cause of action, is the same with respect to each class member. … [because] a constellation of common issues binds class members together."[114] For one thing, Bank did not identify the "constellation" of issues. For another thing, Bank conspicuously fails to point to a single fact supporting his bare assertion that individual issues will not predominate over common issues.[115]

For example, Bank's conclusory assertion that consent is not enough to "warrant a denial of certification,"[116] misses the point. If Bank is correct, then he still needed to identify the facts to show that consent in this case is subject to generalized proof applicable to the class as a whole.

---

"prove that there are *in fact* common questions." *Dukes,* 131 S. Ct. at 2551 (emphasis in original).

112.   For example: whether the putative class member consented to the call, what third-party called each putative class member, whether each call was authorized by CCL, the nature and time-frame of each third-party's relationship with CCL, whether any defenses apply, whether the call to each putative class member was a "follow-up" call, whether each class member purchased goods or services, whether the caller had a pre-existing business relationship with each putative class member, whether the call was a hang-up call, whether the call was made to a wrong number or disconnected number, and the extent of each putative class member's damages recoverable (if any). *See also, supra* at Sec. IV.A.2 (outlining the numerous individualized issues which predominate in this case). By way of example only, CCL is currently a Defendant in several putative nationwide class actions, all seeking to certify a broad sweeping class and all describing different types alleged telephone calls and/or SMS messages. How will this Court determine who received what type of call and CCL's liability, if any, with respect to a particular call. *See e.g. Birchmeier et al. v. CCL, et al.*, Case No. 1:12-cv-04069; *McCabe v. CCL*, Case No. 1:13-cv-06131, DE: 1, Attached as Exhibit "15" to the Valero Dec; *Jackson v. CCL*, Case No. 2:14-cv-02485, DE: 1, Attached as Exhibit "16" to the Valero Dec; *Visser v. CCL*, Case No. 1:13-cv-01029, DE: 1-1, Attached as Exhibit "17" to the Valero Dec.

113.   133 S. Ct. at 1433.

114.   DE: 62 at 11.

115.   DE: 62 at 10-11; *see Comcast*, 133 S. Ct. 1432-33; *Dukes*, 131 S. Ct. at 2553-54.

116.   DE: 62 at 11.

*Comcast* requires that all aspects of a lawsuit—liability, affirmative defenses and damages—are subject to a rigorous analysis with examination of evidence, rather than just pleadings or legal theories, to determine whether the case can be tried on a classwide basis. Even though *Brown v. Kelly*,[117] the only case Bank cites on this proposition is not a TCPA case, Bank's quote from the case should have clued him to his evidentiary burden here: to establish that the issues in the class action are subject to generalized proof applicable to the class and predominate over those subject only to individualized proof. Where there is no way to employ generalized proof of consent, courts have held that the burden to satisfy the predominance required under Rule 23(b)(3) is not met.[118] Bank's argument fails for this very reason.

### 2. Because individual questions predominate, Bank did not show the superiority of a class action as a way to manage the case.

Bank rests his entire "superiority" argument on the same false premise underlying his Motion: that he has "a list of telephone numbers [that needs to be decoded] of the class members, and [class members] are, therefore, reasonably identifiable."[119] From this premise Bank pretends to speak on behalf of the class by offering conclusory assertion after conclusory assertion to address Rule 23(b)(3)(A)-(D). Other than loosely stating the language of the Rule, Bank did not provide a single shred of factual support for his argument.[120] Bank believes that if he simply parrots the language of the Rule he has satisfied his burden. In this way, Bank tries to avoid the harsh reality dogging every section of his Motion: he does not have any facts to support his "argument" and conclusory assertions. The "superiority analysis" requires the Court to look at

---

117.   609 F.3d 467 (2d Cir. 2010).
118.   *Kaye v. Amicus Mediation & Arbitration Group, Inc.,* 2014 WL 2207431 at fn.7 (D. Conn. May 28, 2014), citing *Google Inc.,* 721 F.3d at 135; *see also Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 107 (N.D. Ill. 2013); *see also Forman,* 164 F.R.D. at 403-04; *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169-70 (S.D. Ind. 1997); *Blitz v. Xpress Image, Inc.,* 2006 WL 2425573 at *7 (N.C. Super. Aug. 23, 2006); *Hammond*, 610 S.E.2d at 532; *Kondos v. Lincoln Property Co.,* 110 S.W.3d 716, 721-22 (Tex. App. – Dallas 2003); *Livingston v. U.S. Bank, N.A.,* 58 P.3d 1088, 1091 (Colo. App. 2002).
119.   *See* DE: 62 at 12.
120.   *See* DE: 62 at 11-16.

whether individual interests should control the litigation, the existence of other pending suits, the desirability of consolidating litigation, and the manageability of the case as a class action.[121] Bank avoids discussing the legal standard.

On the Rule 23(b)(3)(A) sub-factor, whether individual interests should control the litigation, Bank offers this bold conclusion: "there has been no indication that any of the class members has an interest in individually controlling the prosecution of a separate action."[122] Of course, the reason is obvious: Bank failed to establish that there is an ascertainable class or to identify a single other putative class member. Bank offers no facts from which the Court can determine whether a class action as opposed to a mass action or a "class of one" is preferable.[123] Instead Bank argues this sub-factor is satisfied simply because the claims arise "under the same federal statute, involve the same elements of proof … and … alleged misconduct."[124] Bank's inability to provide facts on this subpart shows he cannot represent the interests of the class as either class representative or class counsel adequately or fairly. This reality militates strongly in favor of the conclusion that the class members' have a greater interest in individually controlling the prosecution of the claim than permitting him to continue prosecuting the case.

On the Rule 23(b)(3)(B) sub-factor, whether there is other litigation, well surprisingly Bank avoids the issue. The reason he avoids it is simple: he has other pending litigation against CCL where the court denied his efforts to represent a class.

---

121.   *See* Fed. R. Civ. P. 23(b)(3) (The sub-factors are: (1) the interest of the class members in individually controlling the prosecution or defense of separate actions; (2) the extent of litigation concerning similar issues already commenced by or against members of the class; (3) the desirability of litigating the action in this forum; and (4) difficulties in managing the case as a class action.).

122.   DE: 62 at 13.

123.   Even though Bank has been "litigating" this case for nearly two years (spending most of his time on collateral fights, and ignoring discovery), he has not gained any superior case-specific knowledge, experience, or expertise that enables him to litigate efficiently and intelligently questions common to the putative class members.

124.   *See* DE: 62 at 12. Bank also reprises his "damages" argument to bolster another off-the-mark argument that he can establish the requirements of Rule 23(3) simply because "it is not economically viable to pursue claims against CCL on an individual basis." *Id.* at 13. But yet he fails to in any way describe what the alleged "misconduct" is.

On the Rule 23(b)(3)(C) sub-factor, whether litigation should be concentrated here, all Bank can offer is that "the Court is familiar with the history of this case."[125] The factual "history" of this case, however, does not help Bank it hurts him, just like all his other failures. For example, after two years of litigation Bank still cannot say that CCL placed the two calls about which he complains is not even a member of the class he proposes. Bank did not define or show there is an ascertainable class or any members of the putative class. Even when he knew what the spreadsheet represented, Bank did not pursue discovery to "decode" the "spreadsheet." Bank did not take a single deposition. These "history" examples demonstrate the undesirability of concentrating the claims in Bank's hands as either class representative or class counsel.

On the Rule 23(b)(3)(D) sub-factor, difficulties in managing a class, Bank argues "it does not seem likely."[126] Of course, Bank overlooks one central and dominating fact: he botched this case. He has not defined or identified an ascertainable class or the number of members, and his track-record shows he is unqualified to serve as counsel to himself let alone the class. No matter how Bank may spin his argument, the Rule 23(b)(3) analysis starts with *his* cause of action. He, however, has not shown his own claim and has identified no class to manage.

Finally, Bank argues because "CCL has produced no evidence" that class members gave consent to receive calls class certification is appropriate.[127] Bank, not CCL, has the burden to prove the class action elements such as "superiority" by a preponderance of the evidence, not by saying CCL has the burden on an affirmative defense. Nonetheless, the Declaration of Jennifer Poole clearly demonstrates that, to the extent Bank is relying on the "spreadsheet", all of those calls (non-survey calls and admitted by Bank to not be at issue) were made with the prior consent of the call recipient.

---

125. DE: 62 at 13.
126. DE: 62 at 13.
127. DE: 62 at 16.

## V.     CONCLUSION

Bank never satisfied his burden of putting forth facts to support each requirement of Rule 23(a) and Rule 23(b)(2) by a preponderance of the evidence. The Court, therefore, must deny his motion for class certification with prejudice.

DATED: August 6, 2014.

Respectfully submitted,

GREENSPOON MARDER, P.A.

*/s/ Jeffrey A. Backman*
RICHARD W. EPSTEIN (Fla. Bar No. 229091)
*Admitted Pro Hac Vice*
Richard.Epstein@gmlaw.com
JEFFREY A. BACKMAN (Fla. Bar No. 662501)
*Admitted Pro Hac Vice*
Jeffrey.Backman@gmlaw.com
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 491-1120
Facsimile:  (954) 343-6958
          -and-
MORGAN MELHUISH ABRUTYN
Richard T. Imossi, Esq.
rimossi@morganlawfirm.com
39 Broadway – Suite 1701
New York, New York 10006
Telephone: 212-809-1111
*Attorneys for CCL*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6 day of August, 2014, I electronically filed the foregoing utilizing the Court's CM/ECF system on Counsel for Plaintiff:

Todd C. Bank
Attorney at Law
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415

*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN