UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK

TODD C. BANK,

                       Plaintiff,

    - versus -

CARIBBEAN CRUISE LINE, INC.,

                       Defendant.

MEMORANDUM
AND ORDER
12-CV-5572

A P P E A R A N C E S:

    TODD C. BANK
        119-40 Union Turnpike
        Fourth Floor
        Kew Gardens, NY 11415
        *Pro Se Plaintiff*

    GREENSPOON MARDER, P.A.
        100 West Cypress Creek Road
        Suite 700
        Fort Lauderdale, FL 33309
    By:   Jeffrey Backman
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

      *Pro se* Plaintiff Todd Bank brings this putative class action against Caribbean Cruise Line, Inc. ("CCL") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Bank has moved to certify a class pursuant to Federal Rule of Civil Procedure 23. Because I conclude that Rule 23's requirement for adequate representation of the proposed class is not satisfied, the motion is denied.

BACKGROUND

      Bank alleges that in August 2012 he received two telephone calls on his residential telephone line from CCL or a third party operating on CCL's behalf that used a

prerecorded voice to state that if he stayed on the line and completed a survey he would be given an opportunity to take a cruise.  *See* Compl. ¶¶ 7-8, Nov. 8, 2012, ECF No. 1.  Bank claims that these phone calls violated 47 U.S.C. § 227(b)(1)(B), which makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party" unless the call is covered by an exemption, none of which are relevant here.

>Bank moved on July 18, 2014, to certify a class consisting of:

> all persons to whose residential telephone lines CCL, or a third party acting with the authorization of CCL, placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendant, its officers, employees, representatives, and their families (the "Class"), during the period from February 7, 2012, to the commencement of this action until the present . . . .

Compl. ¶ 18, Nov. 8, 2012, ECF No. 1.

## ANALYSIS

A.  *Rule 23 Standards*

>Rule 23(a) provides that:

>One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) ("To be certified, a putative class must first meet all four prerequisites set forth in Rule 23(a): numerosity, commonality, typicality, and adequacy.").  In addition, certification must be "deemed appropriate under one of the three subdivisions of Rule 23(b)."  *Brown*, 609 F.3d at 476.  Here, Bank seeks certification under Rule 23(b)(3), which provides that a class may be

maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3)).

In deciding a motion for class certification, a district court "is required to make a 'definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues,' and must resolve material factual disputes relevant to each Rule 23 requirement." *Brown*, 609 F.3d at 476 (quoting *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)). The party moving for certification has the burden of proving by the preponderance of the evidence that the Rule 23 requirements have been met. *Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 464-65 (2d Cir. 2013). "The Second Circuit has emphasized that Rule 23 should be 'given liberal rather than restrictive construction.'" *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 361 (E.D.N.Y. 2009) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)).

B. *Application*

Here, Bank fails to meet the adequacy-of-representation requirement of Rule 23(a)(4). To demonstrate that he can fairly and adequately protect the interests of the proposed class, Bank must establish that: (1) "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and (2) that "class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997).

Bank seeks to serve as both class representative and class counsel. This would create a conflict of interest: Bank's duty to fairly represent the class's interests would impermissibly conflict with his interest in obtaining legal fees. *See Matassarin v. Lynch*, 174

3

F.3d 549, 559 (5th Cir. 1999) (describing this conflict of interest); *Bank v. Hydra Group, LLC*, No. 10-CV-1770 (E.D.N.Y. Aug. 6, 2013) Report & Recommendation 10, ECF No. 35, adopted Aug. 23, 2013 ("The principle [that class counsel may not also act as the class representative] is based on the concept that an attorney should not have a personal interest in the outcome of a litigation while a class representative must be personally invested in its outcome; these dual priorities cannot be reconciled in the same person."). Indeed, it is well settled in this Circuit that "a *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel." *Jaffe v. Capital One Bank*, No. 09-CV-4106, 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (a *pro se* plaintiff may not seek to represent the interests of third parties); *Rodriguez v. Eastman Kodak Co.*, 88 F.App'x 470, 471 (2d Cir. 2004) (summary order) ("[I]t is well established that 'a *pro se* class representative cannot adequately represent the interests of other class members.'" (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.25(4)(c)(v) (3d ed. 2003)); *Bank v. Hydra Group, LLC*, No. 10-CV-1770 (E.D.N.Y. Aug. 6, 2013) Report & Recommendation 10, ECF No. 35, adopted Aug. 23, 2013 ("Decisions in this district hold that a class representative cannot serve as both class representative and class counsel; some of these decisions involve Mr. Bank himself."); 7A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1769.1 (3d ed. 2005) ("[S]everal courts have ruled that the class attorney cannot be the named representative or even a member of the class.").

## CONCLUSION

For the reasons stated above, I conclude that Rule 23's requirement of adequate representation is not satisfied and the motion for class certification is therefore denied.[1]

---

[1] In opposition to the class certification motion, CCL also argues that Bank fails to meet other requirements of Rule 23. Because I deny the motion on the ground set forth in the text I do not reach these other

So ordered.


John Gleeson, U.S.D.J.


Dated: August 27, 2014
       Brooklyn, New York

---

arguments.  CCL also submitted a supplemental exhibit to their opposition to the motion on August 21, 2014, the day before oral argument was held.  *See* Supplemental Ex., Aug. 21, 2014, ECF No. 71.  At oral argument, Bank requested that I grant him an opportunity to respond to this submission.  I have decided this motion without reference to CCL's last minute submission; accordingly, Bank's application to respond is denied as moot.