UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 1:12-cv-05572-JG-RML

TODD C. BANK, individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,

Defendant.
_______________________________________/

**DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant, CARIBBEAN CRUISE LINE, INC. ("CCL"), pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, and Local Rule 7.1, hereby moves this Court to dismiss with prejudice the Complaint of Plaintiff, TODD C. BANK ("Plaintiff"), for lack of subject matter jurisdiction because no controversy remains for this Court to adjudicate. CCL's Rule 68 Offer of Judgment to Plaintiff offers the maximum possible statutory relief to which Plaintiff is entitled, and Plaintiff's claim is therefore rendered moot. As a result, Plaintiff lacks both a personal stake in the litigation and standing to bring it. As there is no longer a live case or controversy before this Court, CCL respectfully requests this Court dismiss Plaintiff's claim, in its entirety, with prejudice.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS**

## I. INTRODUCTION AND BACKGROUND

On November 9, 2012, Plaintiff commenced the instant action against CCL seeking to

certify a class for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (the "TCPA").[1] Plaintiff claimed, in his single count, to have received two telephone calls, one on August 15, 2012 and the other on August 21, 2012, to his residential telephone line.[2] As redress for these two alleged violations, Plaintiff seeks statutory damages, injunctive relief, and costs of the suit.[3] On July 18, 2014, Bank moved to certify a class consisting of:

> all persons to whose residential telephone lines CCL, or a third party acting with the authorization of CCL, placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendant, its officers, employees, representatives, and their families (the "Class"), during the period from February 7, 2012, to the commencement of this action until the present . . . .[4]

After the close of discovery, and the motion for Class Certification being fully briefed and argued, this Court held "that Rule 23's requirement of adequate representation is not satisfied and the motion for class certification is therefore denied."[5] On September 4, 2014, CCL served Plaintiff a Rule 68 Offer of Judgment (the "Offer")[6] offering Plaintiff (1) the full statutory amount recoverable under the TCPA for the two alleged telephone calls, i.e., $3,000.00; (2) recoverable costs accrued up to the date of the Offer; and (3) injunctive relief by way of an injunction precluding CCL from making the complained-of "survey calls" to Plaintiff's residential telephone line in a manner which violates the TCPA. The Offer was valid for fourteen (14) days. However, despite the fact that the Offer Plaintiff received afforded him all the relief he seeks and could hope to obtain in this action, Plaintiff failed to respond to CCL within that

---

1. DE: 1.
2. DE: 1.
3. DE: 1.
4. DE: 1, 73.
5. DE: 73.
6. Rule 68 Offer, attached hereto as Exhibit "A."

timeframe, and the Offer expired.

## II. ARTICLE III OF THE UNITED STATES CONSTITUTION REQUIRES FEDERAL COURTS TO DISMISS CLAIMS THAT ARE MOOT

Article III of the United States Constitution permits a federal court to entertain an action only when it involves a live case or controversy.[7] Absent a live case or controversy, the issue is non-justiciable in federal court.[8] Further, for a federal court to sustain jurisdiction over a matter, "the parties must continue to have a 'personal stake in the outcome' of the lawsuit."[9] Without a personal stake in the outcome, federal courts are powerless to decide the controversy; lack of subject matter jurisdiction is a fatal defect.[10] The U.S. Supreme Court had recent occasion to explain the mootness doctrine:

> In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "'personal stake,'" in the outcome of the action. A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.[11]

It is equally well-settled in the Second Circuit that the case-or-controversy requirement must be maintained throughout the life of the lawsuit.[12] Accordingly, a case that is live when it

---

7. *See* U.S. Const. art. III, §2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968); *SC Note Acquisitions, LLC v. Wells Fargo bank, N.A.*, 934 F. Supp. 2d 516, 524 (E.D.N.Y. 2013); *Doyle v. Midland Credit Mgmt., Inc.*, 11-CV-5571 JG MDG, 2012 WL 5210596 (E.D.N.Y. Oct. 23, 2012) *aff'd,* 722 F.3d 78 (2d Cir. 2013) (opinion drafted by Honorable Judge Gleeson, granting Defendant's Motion to Dismiss under Rule 12(b)(1)).

8. *Flast*, 392 U.S. at 95 ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments.").

9. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)(citing *Los Angeles v. Lyons* 461 U.S. 95, 101 (1983)).

10. *See* Fed. R. Civ. P. 12(h)(3); *Fox v. Bd. of Trs. of State Univ. of N.Y.,* 42 F.3d at 140 (citing *Alston v. Coughlin,* 109 F.R.D. 609, 612 (S.D.N.Y. 1986).

11. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal citations and quotations omitted).

12. *See Cook v. Colgate University*, 992 F.2d 17, 19 (2d Cir. 1993)("[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of

is filed may become moot when the courts can no longer, "through the exercise of their remedial powers, do anything to redress the injury."[13] Indeed, when a complaining party's injury is healed, the claim becomes moot and must be dismissed.[14]

## III. PLAINTIFF'S CLAIM IS MOOT BECAUSE CCL'S RULE 68 OFFER OF JUDGMENT AFFORDS HIM COMPLETE RELIEF

Federal Rule of Civil Procedure 68 states:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.[15]

As explained by the Supreme Court, the purpose of Rule 68 is "to encourage settlement and avoid protracted litigation."[16] In the Second Circuit "the ship has sailed on that question . . . as the Court of Appeals has made clear."[17] An offer of maximum recovery under Rule 68 does, indeed, moot a plaintiff's claim.[18] As the Honorable Judge Friendly profoundly observed, "there is no justification for taking the time of the court and the defendant in the pursuit of miniscule individual claims which the defendant has more than satisfied."[19] Indeed, "*[a]fter* an affirmative decision on class certification is reached, and the same is denied, a court may enter judgment pursuant to a Rule 68 offer over the objections of the individual plaintiff—when the relief

---

the lawsuit."); *Etuk v. Slattery*, 936 F.2d 1433, 1441 (2d Cir. 1991); *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 76 (E.D.N.Y 2008).

13. *Cook*, 992 F.2d at 19.

14. *See Alexander v. Yale University*, 631 F.2d 178, 183–84 (2d Cir. 1980).

15. Fed. R. Civ. P. 68(a).

16. *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)(citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).

17. *Boutros v. JTC Painting and Decorating Corp.*, No. 12-CIV-7576(PAE), 2013 WL 5637659, at *4 (S.D.N.Y. Oct. 15, 2013)(citing *Pla v. Renaissance Holdings LLC*, No. 12-CIV-5268(JMF), 2013 WL 3185560, at *4 (S.D.N.Y. June 24, 2013); *see also McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005).

18. *Boutros*, 2013 WL 5637659 at *4 (citing *McCauley*, 402 F.3d at 342).

19. *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir.1983).

tendered moots the controversy by offering the full measure of relief sought—and thereby dismiss the pending matter."[20]

In the instant action, CCL's Offer gives Plaintiff all that he could hope to recover.[21] CCL has offered Plaintiff $3,000.00, which is the maximum statutory sum Plaintiff could conceivably hope to recover at trial under the TCPA, together with recoverable costs accrued up to the date of the Offer. In addition, CCL agreed to be enjoined by way of an injunction precluding CCL from making the complained-of "survey calls" to Plaintiff's residential telephone line in a manner which violates the TCPA. In the Second Circuit, Plaintiff's claim is now moot and should be dismissed.[22] No class has been certified to preserve the claim. Indeed, Plaintiff's Class Certification Motion has been briefed, argued, and denied.[23] There is no live controversy before this Court. In the words of the Honorable Judge Posner, "[y]ou cannot persist in suing after you have won."[24]

---

20. *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 110 (S.D.N.Y. 2001); *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 01 CIV. 1086 (AGS), 2002 WL 449653 (S.D.N.Y. Mar. 22, 2002). In *Geragthy*, the Supreme Court showed concern regarding Plaintiff's opportunity to appeal a denial of class certification. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404, 100 S. Ct. 1202, 1212, 63 L. Ed. 2d 479 (1980). However, Plaintiff failed to appeal the denial of Class Certification within the time frame allowed by Rule 23.

21. *See* DE: 1.

22. *Schaake*, 203 F.R.D. at 110.

23. DE: 73.

24. *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, J.); *see also Vadai v. Dun & Bradstreet Credibility Corp.*, 14 CIV. 1617 LLS, 2014 WL 4436325 (S.D.N.Y. Sept. 2, 2014); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009)(agreeing with the Seventh Circuit that an unaccepted Rule 68 offer of judgment moots the named plaintiff's claim); *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993)("where the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required)(emphasis in original); *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, 2014 WL 3420486, at *(E.D. Mich. July 14, 2014)(dismissing the case as moot when Defendant's Rule 68 Offer of Judgment provided all the relief plaintiff sought and could potentially obtain at trial); *Franco v. Allied Interstate LLC*, No. 13-Civ-4053(KBF), 2014 WL 1329168 at *5 (S.D.N.Y Apr. 2, 2014)("[D]efendant's Rule 68 offer of judgment rendered plaintiff's claim moot notwithstanding the pending class certification motion."); *Hanover Grove Consumer Housing Cooperative v. Berkadia Commercial Mortg., LLC*, No. 13-13553, 2014 WL 354674, at *6 (E.D.

Therefore, as Plaintiff chose to permit CCL's Rule 68 Offer of Judgment, which afforded Plaintiff all the relief he could conceivably hope to recover at trial, to expire, his claim has been rendered moot and no live case or controversy exists upon which this Court may exercise its jurisdiction. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.

## IV. CONCLUSION

Because Defendant's Rule 68 Offer of Judgment offers Plaintiff everything he could conceivably hope to gain in this lawsuit, his claims have been rendered moot. Because the claim is moot, Plaintiff no longer has a stake in the litigation, and thus no case or controversy presents itself before this Court. Accordingly, this Court lacks subject matter jurisdiction; there is nothing for it to adjudicate. Defendant respectfully requests this Motion be granted, and Plaintiff's Complaint be dismissed as moot.

DATED: October 24, 2014.

                                              Respectfully submitted,

                                              GREENSPOON MARDER, P.A.

                                              */s/ Jeffrey A. Backman*
                                              Richard W. Epstein
                                              *Admitted Pro Hac Vice*
                                              Fla. Bar No. 229091
                                              Richard.Epstein@gmlaw.com
                                              Jeffrey A. Backman
                                              *Admitted Pro Hac Vice*
                                              Fla. Bar No. 662501
                                              Jeffrey.Backman@gmlaw.com
                                              200 East Broward Blvd.
                                              Suite 1500

---

Mich. Jan. 31, 2014)(entering judgment in accordance with the defendant's Rule 68 Offer of Judgment as it covered all of the plaintiff's individually requested relief, thus mooting the claim); *Greif v. Wilson, et al.*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003)(compelling the plaintiff to accept defendant's Rule 68 offer as full relief, and granting defendant's motion to dismiss pursuant to Rule 12(b)(6)).

Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 343-6958
-and-
MORGAN MELHUISH ABRUTYN
Richard T. Imossi, Esq.
rimossi@morganlawfirm.com
39 Broadway – Suite 1701
New York, New York 10006
212-809-1111

*Attorneys for CCL*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2014, I electronically filed the foregoing utilizing the Court's CM/ECF system on Counsel for Plaintiff:

Todd C. Bank
Attorney at Law
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415

*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN